UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jevon Antwain Jackson, | Crim. No.: 4:15-cr-00866-RBH |
| | Civ. No.: 4:17-cv-01211-RBH |
| Petitioner, | |
| v. | **ORDER** |
| United States of America, | |
| Respondent. | |

This matter is before the Court on Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Court denies the motion for the reasons herein.[1]

## **Background**

On June 14, 2016, Petitioner, represented by attorney Mark C. McLawhorn, pled guilty pursuant to a written plea agreement to (1) possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and (2) being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* ECF Nos. 2, 35, 39, & 40. The presentence investigation report ("PSR") prepared by the U.S. Probation Office determined Petitioner was a career offender under United States Sentencing Guideline ("U.S.S.G.") § 4B1.1[2] based on his two prior South Carolina convictions for possession with intent to distribute cocaine ("PWID cocaine") and possession with intent to distribute marijuana ("PWID marijuana"). PSR [ECF No. 53] at ¶¶ 25–26,

---

[1] An evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010).

[2] To qualify as a career offender under U.S.S.G. § 4B1.1, *inter alia*, a defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Section 4B1.2(b) defines a "controlled substance offense" as used in § 4B1.1.

1

33, 60. Petitioner's resulting advisory guideline range was 151 to 188 months' imprisonment. *Id.* at ¶ 81. Petitioner filed a motion seeking a downward variance from the advisory guideline range. *See* ECF No. 48.

On October 18, 2016, the Court granted Petitioner's motion for a downward variance and sentenced him to a total term of 137 months' imprisonment,[3] followed by a term of supervised release of three years. *See* ECF Nos. 51 & 54. Judgment was entered on October 19, 2016; and an amended judgment (correcting a clerical mistake) was entered on October 31, 2016. *See* ECF Nos. 54 & 58. Petitioner did not file a direct appeal.

On May 5, 2017,[4] Petitioner filed the instant pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* ECF Nos. 60 & 64. On June 30, 2017, plea counsel (Mr. McLawhorn) filed an affidavit addressing his representation of Petitioner. *See* ECF No. 70. On July 20, 2017, the Government filed a Motion to Dismiss/Motion for Summary Judgment. *See* ECF No. 72. On August 25, 2017,[5] Petitioner filed a response in opposition to the Government's motion. *See* ECF No. 78.

## **Legal Standard**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. For a court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the

---

[3] The Court imposed concurrent sentences of 137 months for the drug conviction and 120 months for the firearm conviction. *See* ECF No. 54.

[4] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

[5] *Houston v. Lack* filing date.

2

United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, will not be allowed to do service for an appeal. For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 478 n.10 (1976) (internal quotation marks and citation omitted). "Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice[.]" *Id.* (internal quotation marks omitted).

The district court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010). The determination of whether to hold an evidentiary hearing ordinarily is left to the sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

"When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see generally* Rule 12 of the Rules Governing Section 2255 Cases ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in

3

the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The evidence must be viewed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. The court therefore cannot weigh the evidence or make credibility determinations." *Reyazuddin v. Montgomery Cty.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal citation and quotation marks omitted).

## Discussion

In his § 2255 motion, Petitioner states two related grounds for relief concerning his career offender designation. *See* ECF Nos. 60 & 64. For analytical purposes, the Court first addresses Ground Two and then Ground One.

**I.     Ground Two**

Petitioner alleges his prior convictions for PWID cocaine and PWID marijuana are not controlled substance offenses within the meaning of U.S.S.G. §§ 4B1.1 and 4B1.2. *See* ECF No. 64 at p. 5; ECF No. 60 at pp. 6–10. Specifically, he argues that under *Mathis v. United States*, 136 S. Ct. 2243 (2016),[6] a modified categorical approach would have determined that the "distribute" element in his predicate convictions are broader than the elements of a controlled substance offense defined in U.S.S.G. § 4B1.2.

Petitioner is not entitled to relief on Ground Two. A petitioner generally may not use 28 U.S.C. § 2255 to challenge the calculation of his advisory guideline range. *See United States v. Foote*, 784 F.3d 931, 935–36 (4th Cir. 2015); *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999);

---

[6]     Petitioner correctly notes *Mathis* was issued on June 23, 2016, approximately four months before his sentencing. *See* ECF No. 78 at p. 6.

4

*United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999). "The language of § 2255 makes clear that not every alleged sentencing error can be corrected on collateral review. The Supreme Court has instructed that only those errors presenting a 'fundamental defect which inherently results in a complete miscarriage of justice' are cognizable." *Foote*, 784 F.3d at 932 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). In *Foote*, the Fourth Circuit held a § 2255 motion that was based on a subsequently-nullified career offender designation was not a fundamental defect, as required to challenge a sentence on a motion to vacate. *Id.* at 940. Under *Foote*, Petitioner's claim—that he was improperly designated a career offender based on prior drug convictions that do not satisfy the definition of a controlled substance offense—is not cognizable on collateral review because he has failed to demonstrate a fundamental defect inherently resulting in a miscarriage of justice.

Moreover, *Mathis* dealt with a sentence enhancement for a "violent felony" under the Armed Career Criminal Act ("ACCA").[7] *See* 136 S. Ct. at 2247. *Mathis* does not apply because Petitioner received an enhanced sentence based on his prior controlled substance convictions, and not because of any conviction considered to be a violent felony under the ACCA.[8] *Accord Washington v. United States*, 2017 WL 3605231, at *3 (D.S.C. Aug. 18, 2017); *United States v. Brunson*, 2017 WL 1250996, at *2 (E.D. Va. Apr. 3, 2017), *appeal dismissed*, 2017 WL 3722755 (4th Cir. Aug. 29, 2017). The Court denies relief as to Ground Two.

## II. Ground One

In this related ground, Petitioner alleges plea counsel was ineffective for failing to assert that

---

[7] 18 U.S.C. § 924(e).

[8] The Court also notes the ACCA *requires* courts to impose enhanced sentences if the statutory provisions are met. By contrast, all provisions of the Sentencing Guidelines are *advisory* and did not bind this Court when it sentenced Petitioner. In fact, the Court sentenced Petitioner below his advisory guideline range and below the statutory maximum penalties.

Petitioner's two prior South Carolina convictions for PWID cocaine and PWID marijuana could not qualify as controlled substance offenses under U.S.S.G. §§ 4B1.1 and 4B1.2. *See* ECF No. 64 at p. 4; ECF No. 60 at pp. 3–5. He claims plea counsel should have argued that the modified categorical approach, as outlined in *Mathis*, applied to the prior drug convictions because "[t]he 'distribute' element" of these offenses "criminalizes a greater swath of conduct than the elements of the relevant generic offense" in U.S.S.G. § 4B1.2(b). *See id.*

The Court must review claims of ineffective assistance of counsel under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness." *Id.* at 687–88. Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985).

"The Sentencing Guidelines provide for enhanced sentences for career offenders." *United States v. Riley*, 856 F.3d 326, 328 (4th Cir. 2017). Section 4B1.1(a) sets forth three criteria for the designation, the last of which is at issue here:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and ***(3) the defendant has at least two prior felony convictions of*** either a crime of violence or ***a controlled substance offense***.

U.S.S.G. § 4B1.1(a) (emphases added). Section 4B1.2(b) defines a "controlled substance offense" as:

6

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

Petitioner's predicate convictions—PWID cocaine and PWID marijuana—were under section 44–53–370(b) of the South Carolina Code. To be convicted under § 44–53–370**(b)**, a defendant must violate § 44–53–370**(a)**, which makes it "unlawful for any person: (1) to manufacture, ***distribute***, dispense, deliver, purchase, aid, abet, attempt, or conspire to manufacture, distribute, dispense, deliver, or purchase, or possess with the intent to manufacture, distribute, dispense, deliver, or purchase a controlled substance or a controlled substance analogue" or (2) do the same with a counterfeit substance. S.C. Code Ann. § 44–53–370(a) (emphasis added). Petitioner claims that § 44–53–370(a) is divisible, and that the various definitions of "deliver" (found in S.C. Code Ann. § 44–53–110) are not elements of a separate offense but are various means of committing the offense of distribution of a controlled substance offense. *See* ECF Nos. 60 & 78. Meanwhile, the Government acknowledges that under prevailing state law, "distribute" and "deliver" are distinct crimes under § 44–53–370(a) and subject to the modified categorical approach. ECF No. 72-1 at p. 9. In sum, both Petitioner and Respondent appear to agree that under *Mathis*, section 44–53–370(a) is divisible and that the modified categorical approach applies.

In *Mathis*, the Supreme Court explained the difference between the categorical approach and the modified categorical approach:

> The comparison of elements that **the categorical approach** requires is straightforward when a statute sets out a single (or

7

"indivisible") set of elements to define a single crime. The court then lines up that crime's elements alongside those of the generic offense and sees if they match. . . .

Some statutes, however, have a more complicated (sometimes called "divisible") structure, making the comparison of elements harder. A single statute may list elements in the alternative, and thereby define multiple crimes. . . . A sentencing court thus requires a way of figuring out which of the alternative elements listed . . . was integral to the defendant's conviction (that is, which was necessarily found or admitted). To address that need, this Court approved **the "modified categorical approach"** for use with statutes having multiple alternative elements. *See, e.g.*, *Shepard v. United States*, 544 U.S. 13, 26 (2005). Under that approach, a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of. The court can then compare that crime, as the categorical approach commands, with the relevant generic offense.

136 S. Ct. at 2248–49 (emphases added) (some internal citations omitted).

Assuming *arguendo* that the modified categorical approach (which the parties agree is the correct approach) applies,[9] the Court can consider *Shepard* documents relating to Petitioner's prior convictions.[10] The Court has considered the indictments and sentencing sheets[11] for each of Petitioner's PWID convictions. These documents indicate Petitioner was convicted of PWID marijuana and PWID

---

[9] The Court notes an argument could be made that the categorical approach applies. *See generally McClam v. United States*, No. 4:12-CR-00058-RBH-1, 2014 WL 6666595, at *3–4 (D.S.C. Nov. 24, 2014) (stating "[a] conviction under § 44–53–370(b) is ***categorically*** a 'controlled substance offense,'" and that "this crime squarely falls within the definition of 'controlled substance offense' found in U.S.S.G. § 4B1.2(b)" (emphasis added)).

[10] Petitioner does "not dispute that [S]hepard documents can be used." ECF No. 78 at p. 4.

[11] The PSR references the indictments from Petitioner's PWID convictions. *See* PSR [ECF No. 53] at ¶¶ 25–26. Out of an abundance of caution, the Court requested the indictments and related sentencing sheets from the U.S. Probation Office and hereby makes them part of the record as attachments to this Order.

8

cocaine[12] under S.C. Code Ann. § 44–53–370, and there is no dispute that under South Carolina law PWID contains the element of intent to ***distribute***. *See State v. Andrews*, 479 S.E.2d 808, 814 (S.C. Ct. App. 1996) (recognizing that in a PWID case, the State must "actually prov[e] beyond a reasonable doubt the element of intent to distribute"). Thus, plea counsel was not ineffective for failing to make a meritless objection—based on the modified categorical approach or otherwise—that Petitioner's prior PWID convictions did not qualify as controlled substance offenses under U.S.S.G. §§ 4B1.1 and 4B1.2. *See, e.g.*, *United States v. Anthony*, 149 F. App'x 135, 136 (4th Cir. 2005) ("Because any objection would have been meritless, we also reject Anthony's claim that his counsel rendered ineffective assistance for failing to assert a meritless objection in the district court."). The Court denies relief as to Ground One.

On a final note, and as explained in Ground Two above, *Mathis* dealt with a sentence enhancement for a "violent felony" under the ACCA, *see* 136 S. Ct. at 2247, and did not apply to the question of whether a prior drug conviction qualifies as a controlled substance offense under the Sentencing Guidelines. Thus, trial counsel was not ineffective for failing to specifically invoke *Mathis*.[13]

---

[12] The *Shepard* documents indicate Petitioner was indicted for PWID "cocaine base" in violation of S.C. Code Ann. § 44–53–**375(B)(1)** and pled guilty to the lesser-included offense of PWID "powder cocaine" in violation of S.C. Code Ann. § 44–53–**370(b).**

[13] Additionally, the Court notes that at the time of Petitioner's sentencing, another judge in this district had specifically ruled PWID marijuana and PWID cocaine "qualify as a predicate offenses for purposes of ascertaining career offender status" and rejected a similar ineffective assistance claim. *Keitt v. United States*, No. 5:07-cr-01020-MBS, 2011 WL 1526165, at *6 (D.S.C. Apr. 20, 2011), *appeal dismissed*, *United States v. Keitt*, 466 F. App'x 297 (4th Cir. 2012). Similarly, the undersigned had previously ruled that PWID cocaine "squarely falls within the definition of 'controlled substance offense' found in U.S.S.G. § 4B1.2(b)" when rejecting an ineffective assistance claim. *McClam v. United States*, No. 4:12-CR-00058-RBH-1, 2014 WL 6666595, at *3–4, 6 (D.S.C. Nov. 24, 2014) ("The offense of possession with intent to distribute cocaine under South Carolina law is clearly a controlled substance offense as defined in the guidelines and counsel was not ineffective for failing to assert that the predicate conviction was not a controlled substance offense."). Accordingly, in light of these prior rulings in *Keitt* and *McClam*, plea counsel was not ineffective for failing to dispute Petitioner's career offender status.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Cases. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

**Conclusion**

The Court **GRANTS** Respondent's Motion to Dismiss/Motion for Summary Judgment [ECF No. 72] and **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's § 2255 motion [ECF No. 60]. The Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  
October 20, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge